**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-2287

BRESNAN BROADBAND OF COLORADO, LLC,
BRESNAN BROADBAND OF MONTANA, LLC,
BRESNAN BROADBAND OF WYOMING, LLC,
CHARTER FIBERLINK - ALABAMA, LLC,
CHARTER FIBERLINK CA-CCO, LLC,
CHARTER FIBERLINK CCO, LLC,
CHARTER FIBERLINK CT-CCO, LLC,
CHARTER FIBERLINK - GEORGIA, LLC,
CHARTER FIBERLINK - ILLINOIS, LLC,
CHARTER FIBERLINK LA-CCO, LLC,
CHARTER FIBERLINK MA-CCO, LLC,
CHARTER FIBERLINK - MICHIGAN, LLC,
CHARTER FIBERLINK - MISSOURI, LLC,
CHARTER FIBERLINK - NEBRASKA, LLC,
CHARTER FIBERLINK NC-CCO, LLC,
CHARTER FIBERLINK NH-CCO, LLC,
CHARTER FIBERLINK NV-CCVII, LLC,
CHARTER FIBERLINK NY-CCO, LLC,
CHARTER FIBERLINK OR-CCVII, LLC,
CHARTER FIBERLINK SC-CCO, LLC,
CHARTER FIBERLINK - TENNESSEE, LLC,
CHARTER FIBERLINK TX-CCO, LLC,
CHARTER FIBERLINK VA-CCO, LLC,
CHARTER FIBERLINK VT-CCO, LLC,
CHARTER FIBERLINK WA-CCVII, LLC,
and
CHARTER FIBERLINK CC VIII, LLC,

    Plaintiffs,

v.


WILTEL COMMUNICATIONS, LLC, and
GLOBAL CROSSING TELECOMMUNICATIONS, INC.,

    Defendants.

## COMPLAINT

Plaintiffs (jointly "Charter"),[1] by and for their Complaint in the above-captioned proceeding, hereby file this Complaint against Defendants WilTel Communications, LLC and Global Crossing Telecommunications, Inc., both subsidiaries of Level 3 Communications, Inc. (jointly "Defendants").  Defendants failed to pay tariffed access charges for Charter's access services they used to exchange certain wireless calls that they assert were "intraMTA" calls:

## PARTIES

1.      Plaintiff Bresnan Broadband of Colorado, LLC is a limited liability company registered in the State of Colorado with its principal place of business in Missouri that provides services in Colorado.

2.      Plaintiff Bresnan Broadband of Montana, LLC is a limited liability company registered in the State of Montana with its principal place of business in Missouri that provides services in Montana.

---

[1] Bresnan Broadband of Colorado, LLC; Bresnan Broadband of Montana, LLC; Bresnan Broadband of Wyoming, LLC; Charter Fiberlink - Alabama, LLC; Charter Fiberlink CA-CCO, LLC; Charter Fiberlink CCO, LLC; Charter Fiberlink CT-CCO, LLC; Charter Fiberlink - Georgia, LLC; Charter Fiberlink - Illinois, LLC; Charter Fiberlink LA-CCO, LLC; Charter Fiberlink MA-CCO, LLC; Charter Fiberlink - Michigan, LLC; Charter Fiberlink - Missouri, LLC; Charter Fiberlink - Nebraska, LLC; Charter Fiberlink NC-CCO, LLC; Charter Fiberlink NH-CCO, LLC; Charter Fiberlink NV-CCVII, LLC; Charter Fiberlink NY-CCO, LLC; Charter Fiberlink OR-CCVII, LLC; Charter Fiberlink SC-CCO, LLC; Charter Fiberlink - Tennessee, LLC; Charter Fiberlink TX-CCO, LLC; Charter Fiberlink VA-CCO, LLC; Charter Fiberlink VT-CCO, LLC; Charter Fiberlink WA-CCVII, LLC,  and Charter Fiberlink CC VIII, LLC.

3. Plaintiff Bresnan Broadband of Wyoming, LLC is a limited liability company registered in the State of Wyoming with its principal place of business in Missouri that provides services in Wyoming.

4. Plaintiff Charter Fiberlink - Alabama, LLC is a limited liability company registered in the State of Delaware with its principal place of business in Missouri that provides services in Alabama.

5. Plaintiff Charter Fiberlink CA-CCO, LLC is a limited liability company registered in the State of Delaware with its principal place of business in Missouri that provides services in California.

6. Plaintiff Charter Fiberlink CT-CCO, LLC is a limited liability company registered in the State of Delaware with its principal place of business in Missouri that provides services in Connecticut.

7. Plaintiff Charter Fiberlink - Georgia, LLC is a limited liability company registered in the State of Delaware with its principal place of business in Missouri that provides services in Georgia.

8. Plaintiff Charter Fiberlink - Illinois, LLC is a limited liability company registered in the State of Delaware with its principal place of business in Missouri that provides services in Illinois.

9. Plaintiff Charter Fiberlink LA-CCO, LLC is a limited liability company registered in the State of Delaware with its principal place of business in Missouri that provides services in Louisiana.

10. Plaintiff Charter Fiberlink MA-CCO, LLC is a limited liability company registered in the State of Delaware with its principal place of business in Missouri that provides services in Massachusetts.

11. Plaintiff Charter Fiberlink - Michigan, LLC is a limited liability company registered in the State of Delaware with its principal place of business in Missouri that provides services in Michigan.

12. Plaintiff Charter Fiberlink CCO, LLC is a limited liability company registered in the State of Delaware with its principal place of business in Missouri that provides services in Minnesota and Wisconsin.

13. Plaintiff Charter Fiberlink - Missouri, LLC is a limited liability company registered in the State of Delaware with its principal place of business in Missouri.

14. Plaintiff Charter Fiberlink - Nebraska, LLC is a limited liability company registered in the State of Delaware with its principal place of business in Missouri that provides services in Nebraska.

15. Plaintiff Charter Fiberlink NC-CCO, LLC is a limited liability company registered in the State of Delaware with its principal place of business in Missouri that provides services in North Carolina.

16. Plaintiff Charter Fiberlink NH-CCO, LLC is a limited liability company registered in the State of Delaware with its principal place of business in Missouri that provides services in New Hampshire.

17.     Plaintiff Charter Fiberlink NV-CCVII, LLC is a limited liability company registered in the State of Delaware with its principal place of business in Missouri that provides services in Nevada.

18.     Plaintiff Charter Fiberlink NY-CCO, LLC is a limited liability company registered in the State of Delaware with its principal place of business in Missouri that provides services in New York.

19.     Plaintiff Charter Fiberlink OR-CCVII, LLC is a limited liability company registered in the State of Delaware with its principal place of business in Missouri that provides services in Oregon.

20.     Plaintiff Charter Fiberlink SC-CCO, LLC is a limited liability company registered in the State of Delaware with its principal place of business in Missouri that provides services in South Carolina.

21.     Plaintiff Charter Fiberlink - Tennessee, LLC is a limited liability company registered in the State of Delaware with its principal place of business in Missouri that provides services in Tennessee.

22.     Plaintiff Charter Fiberlink TX-CCO, LLC is a limited liability company registered in the State of Delaware with its principal place of business in Missouri that provides services in Texas.

23.     Plaintiff Charter Fiberlink VA-CCO, LLC is a limited liability company registered in the State of Delaware with its principal place of business in Missouri that provides services in Virginia.

24. Plaintiff Charter Fiberlink VT-CCO, LLC is a limited liability company registered in the State of Delaware with its principal place of business in Missouri that provides services in Vermont.

25. Plaintiff Charter Fiberlink WA-CCVII, LLC is a limited liability company registered in the State of Delaware with its principal place of business in Missouri that provides services in Washington.

26. Plaintiff Charter Fiberlink CC VIII, LLC is a limited liability company registered in the State of Delaware with its principal place of business in Missouri that provides services in Minnesota, Michigan, and Wisconsin.

27. Defendant WilTel Communications, LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Colorado.

28. Defendant Global Crossing Telecommunications, Inc. is a corporation organized under the laws of the State of Michigan with its principal place of business in Colorado.

## JURISDICTION AND VENUE

29. The Court has subject-matter jurisdiction over the claims in this Complaint pursuant to 28 U.S.C. § 1331 (federal question) because they turn on a question of federal law and Charter asserts a claim for breach of tariffs filed with the Federal Communications Commission ("FCC"). Similarly, this Court has federal-question subject-matter jurisdiction because Charter seeks a declaration regarding Defendants' compliance with the terms of Charter's federal tariffs.

30. The Court has subject-matter jurisdiction over the claims in this Complaint pursuant to 28 U.S.C. § 1367 (supplemental) because Charter asserts claims for breach of state-filed tariffs that are so related they form part of the same case or controversy.

31. The Court has personal jurisdiction over each Defendant pursuant to Colo. Rev. Stat. § 13-1-124. Each of their principal places of business is in Colorado, and thus they are subject to general personal jurisdiction in this Court. In addition, each of their actions described herein took place in Colorado, and thus they are subject to specific personal jurisdiction in this Court.

32. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in this judicial district within the meaning of 28 U.S.C. § 1391(c)(2), and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this judicial district.

**FACTUAL ALLEGATIONS**

33. The Charter companies are local exchange carriers ("LECs") that provide, among other things, local telephone services in many states throughout the country, including Colorado.

34. One of the standard services that Charter provides is called "access service." Interexchange carriers ("IXCs") use access services to provide long-distance services to end users. Access services allow an IXC to route calls on its long-distance network to or from a LEC's local telephone network.

35. IXCs obtain Charter's access services by ordering them, either actually (through submission of order requests) or constructively (through use of existing access service facilities).

36. Access services are "interstate" if the points of origination and termination at the start of a call are in two different states. Access services are "intrastate" if those two points are both within the same state.

37. Charter's interstate access services are governed by tariffs Charter lawfully has on file at the FCC (the "Federal Tariffs"). Similarly, Charter's intrastate access services are governed by tariffs that Charter lawfully has on file with the public utility/service commissions within each state (the "State Commissions" and the "State Tariffs"); for instance, the Colorado Public Utilities Commission.

38. Charter's Federal Tariffs and State Tariffs (collectively, the "Tariffs") set forth the terms and conditions, including the applicable charges ("access charge"), for Charter's access services. These terms and conditions include, among other things, the process and due dates for payment of Charter's access charges. The Tariffs also impose late charges on any payments that are not made by the required due dates, including when IXCs withhold payments based on disputes that are later resolved against them. The Tariffs also require Defendants to indemnify Charter for expenses such as attorneys' fees that result from Defendants' actions, which includes failure to pay required charges.

39.     Defendants are IXCs. Defendants ordered and used Charter's interstate and intrastate tariffed access services to exchange calls between Defendants' long-distance networks and Charter's local networks.

40.     For many years, Charter has timely rendered bills, and will continue to do so, to Defendants for Defendants' use of Charter's access services ("access bills"). These access bills set forth the access charges required by Charter's Federal Tariffs and State Tariffs for those access services.

41.     Beginning in March 2014, Defendants intentionally failed to pay some of the access charges set forth in Charter's access bills. In the vernacular of the industry, Defendants are "withholding" these payments. The withheld payments include both interstate and intrastate access charges and pertain to wireless telecommunications traffic that, according to Defendants, consisted of "intraMTA" wireless traffic.

42.     IntraMTA wireless calls, for purposes relevant here, are calls that traverse three different carriers' telephone networks: (1) a LEC's local network on one end of the call; (2) a wireless carrier's network on the other end; and (3) an IXC's network in the middle. If the originating and terminating points of the call, at the time the call is initiated, are within the same Major Trading Area ("MTA"), the call is considered intraMTA under the FCC's rules. MTAs are geographic areas, often including all or parts of multiple states, used by the FCC to establish licensing areas for certain mobile telephone services.

43.     Defendants use Charter's access services when they exchange intraMTA wireless calls between their long-distance networks and the local phone network of one

of Charter's LEC entities. That use of Charter's access services subjects Defendants to the terms and conditions of Charter's Federal Tariffs and State Tariffs, including the access charges, late payment charges, and payment deadlines set forth in those Tariffs.

44. Defendants have asserted that they have withheld and continue to withhold these payments because the traffic for which the access charges have been imposed is intraMTA wireless traffic. Defendants have unilaterally determined which access charges they believe relate to intraMTA wireless calls.

45. Defendants even withheld currently due payments for charges *unrelated* to intraMTA calls, purportedly to offset intraMTA-related charges that Defendants voluntarily paid in prior billing periods.

46. By failing to pay these access charges by the deadlines set forth in Charter's Federal Tariffs and State Tariffs, Defendants also are obligated to pay late charges set forth in those Tariffs, at amounts that continue to accrue over time until the unpaid access charges have been paid in full.

47. Relatedly, Sprint and Verizon withheld payments to Charter for access charges they deemed were for intraMTA calls.  Sprint and Verizon filed dozens of lawsuits against Charter and other LECs concerning access charges and intraMTA wireless calls. The Judicial Panel on Multidistrict Litigation transferred those cases to Judge Sydney Fitzwater in the U.S. District Court for the Northern District of Texas in a multidistrict litigation ("MDL") proceeding for consolidated pretrial activities. *In re IntraMTA Switched Access Charges Litig.*, No. 3:14-MD-2587-D (N.D. Tex.) (the "MDL Proceeding").

48. On November 17, 2015, the MDL court issued a Memorandum Opinion and Order granting the defendant LECs' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *In re IntraMTA Switched Access Charges Litig.*, No. 3:14-MD-2587-D, 2015 WL 7252948 (N.D. Tex. Nov. 17, 2015). The court held that, consistent with 47 C.F.R. §§ 69.2 & 69.5, IXCs that make use of LECs' tariffed access services are clearly subject to LECs' access charges for the exchange of intraMTA wireless calls. Thus, IXCs must pay tariffed access charges for their exchange of intraMTA wireless calls with LECs like Charter.

49. Defendants rely on the exact same arguments that Sprint and Verizon pressed unsuccessfully in the MDL Proceeding. Thus, the court in the MDL Proceeding rejected the purported basis of Defendants' withholding of payments for Charter's access charges nearly a year ago, and yet Defendants continue to withhold payments.

50. Defendants have never had a valid basis to refuse to pay the access charges required by Charter's Federal Tariffs and State Tariffs for Defendants' use of Charter's interstate and intrastate access services related to intraMTA wireless calls. Those charges are properly due and owed, as well as the late payment charges and costs of collection that continue to accrue.

51. To the extent Defendants continue to withhold payments for access charges in the future relating to intraMTA wireless calls, it will have no lawful basis for doing so.

## CAUSES OF ACTION

### COUNT ONE:
### BREACH OF FEDERAL TARIFFS

52. Charter incorporates by reference the allegations contained in paragraphs 1 through 51 of this Complaint as if set forth in their entirety.

53. Defendants have intentionally failed to pay all access charges required by Charter's Federal Tariffs for interstate access services that Defendants ordered and used for what they claim are interstate intraMTA calls.

54. Because Defendants failed to pay these access charges by the due date set forth by Charter's Federal Tariffs, Defendants also owe late charges as set forth in the Federal Tariffs.

55. Defendants are liable to Charter for the amount of unpaid access charges and unpaid late charges. Charter's Federal Tariffs also require Defendants to reimburse Charter for attorneys' fees and costs related to this lawsuit, as well as pre-judgment interest.

56. The Court should enter judgment in Charter's favor and against Defendants in an amount to be proven at trial or summary judgment, or to which the parties stipulate.

### COUNT TWO:
### BREACH OF STATE TARIFFS

57. Charter incorporates by reference the allegations contained in paragraphs 1 through 56 of this Complaint as if set forth in their entirety.

58. Defendants have intentionally failed to pay all access charges required by Charter's State Tariffs for intrastate access services that Defendants ordered and used for what Defendants claim are intrastate intraMTA calls.

59. Because Defendants failed to pay these access charges by the due date set forth by Charter's State Tariffs, Defendants also owe late charges as set forth in the State Tariffs.

60. Defendants also must reimburse Charter for its attorneys' fees and costs relating to this lawsuit.

61. Defendants are liable to Charter for the amount of unpaid access charges, unpaid late charges, Charter's attorneys' fees, and pre-judgment interest.

62. The Court should enter judgment in Charter's favor and against Defendants in an amount to be proven at trial or summary judgment, or to which the parties stipulate.

## COUNT THREE: DECLARATORY JUDGMENT

63. Charter incorporates by reference the allegations contained in paragraphs 1 through 62 of this Complaint as if set forth in their entirety.

64. A substantial controversy exists between the parties that is immediate and real because Defendants continue to withhold access charges from Charter on the basis that the access charges purportedly do not apply to the exchange of intraMTA wireless calls between Defendants' long-distance networks and Charter's local phone networks. Based on their refusal to pay these fees, Defendants are likely to continue to refuse to pay these access charges into the future.

65. The parties have adverse legal interests, as Charter maintains that Defendants owe these access charges, but Defendants continue to withhold them.

66. A judgment declaring that "Defendants are obligated to pay access charges, as set forth in Charter's Federal Tariffs and State Tariffs, for using tariffed access services to exchange intraMTA wireless calls between Defendants' long-distance networks and Charter's local telephone networks" will resolve this controversy between the parties and offer relief from the current dispute.

67. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, this Court should enter a declaration that Defendants are obligated to pay access charges, as set forth in Charter's Federal Tariffs and State Tariffs, for using tariffed access services to exchange intraMTA wireless calls between Defendants' long-distance networks and Charter's local telephone networks.

## **PRAYER FOR RELIEF**

WHEREFORE, Charter prays that the Court enter judgment in favor of Charter and against Defendants, awarding:

1. Damages (in an amount to be proven at trial, through summary judgment proceedings, or through stipulation);

2. An award of any costs, attorneys' fees, and pre-judgment interest to which Charter may be entitled;

3. A declaration that Defendants are obligated to pay access charges, as set forth in Charter's Federal Tariffs and State Tariffs, for using tariffed access services to

exchange intraMTA calls between Defendants' long-distance networks and Charter's local telephone networks; and

    4.    Any other relief that the Court determines is just.

Dated:  September 9, 2016

                      <u>s/ Matthew A. Brill</u>
                      Matthew A. Brill
                      Sarah M. Gragert
                      LATHAM & WATKINS LLP
                      555 Eleventh Street, NW, Suite 1000
                      Washington, DC 20004
                      Telephone: (202) 637-2200
                      Facsimile: (202) 637-2201
                      Email: matthew.brill@lw.com
                      Email: sarah.gragert@lw.com

Counsel for Plaintiffs
*Bresnan Broadband of Colorado, LLC; Bresnan Broadband of Montana, LLC; Bresnan Broadband of Wyoming, LLC; Charter Fiberlink - Alabama, LLC; Charter Fiberlink CA-CCO, LLC; Charter Fiberlink CCO, LLC; Charter Fiberlink CT-CCO, LLC; Charter Fiberlink - Georgia, LLC; Charter Fiberlink - Illinois, LLC; Charter Fiberlink LA-CCO, LLC; Charter Fiberlink MA-CCO, LLC; Charter Fiberlink - Michigan, LLC; Charter Fiberlink - Missouri, LLC; Charter Fiberlink - Nebraska, LLC;  Charter Fiberlink NC-CCO, LLC; Charter Fiberlink NV-CCVII, LLC; Charter Fiberlink NY-CCO, LLC; Charter Fiberlink OR-CCVII, LLC; Charter Fiberlink SC-CCO, LLC; Charter Fiberlink - Tennessee, LLC; Charter Fiberlink TX-CCO, LLC; Charter Fiberlink VA-CCO, LLC; Charter Fiberlink VT-CCO, LLC; Charter Fiberlink WA-CCVII, LLC; and Charter Fiberlink CC VIII, LLC.*